STATE *v.* WILLIAMS.

---

### STATE v. AGNEW MOTT WILLIAMS, JR.

(Filed 25 March, 1953.)

**Constitutional Law § 32: Criminal Law § 56—**

Where a prosecution for a misdemeanor is transferred to the Superior Court from the Recorder's Court upon defendant's demand for a jury trial, initial trial in the Superior Court upon the original warrant is a nullity and the judgment will be arrested on appeal to the Supreme Court.

APPEAL by defendant from *Sharp, Special Judge,* at September Term, 1952, of CRAVEN.

Criminal prosecution upon warrant issued out of Craven County Recorder's Court charging that on 5 June, 1952, defendant did unlawfully operate a motor vehicle on the public highways of North Carolina while his license was suspended, contrary to the form of the statute, etc.

In the Recorder's Court a jury trial was demanded. Whereupon, the case was transferred to the Superior Court for initial trial, and was there tried upon the warrant issued as above stated.

Verdict: Guilty.

Judgment: Imprisonment.

Defendant appeals therefrom to Supreme Court, and here moves in arrest of judgment on authority of *S. v. Thomas,* 236 N.C. 454, 73 S.E. 2d 283.

---

STATE *v.* BRYANT.

---

*Attorney-General McMullan and Assistant Attorney-General Bruton for the State.*

PER CURIAM. The Attorney-General for the State concedes that this case is not distinguishable from the case of *S. v. Thomas, supra,* as to bill of indictment being required to confer jurisdiction on the Superior Court, and in this respect confesses error in the judgment from which appeal is taken and prays that this case be remanded to the Superior Court of Craven County for trial upon a bill of indictment which may subsequently issue. Hence, judgment is arrested, and the case so remanded.

Judgment arrested.